IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONTE TAYLOR,

    Petitioner,               No. CIV S-05-2528 FCD KJM P

    vs.

JAMES E. TILTON, Secretary of
California Department of Corrections
and Rehabilitation, et al., [1]

    Respondent.             <u>ORDER</u>

        Petitioner is a state prison inmate represented by counsel in this habeas proceeding. Respondent has filed a motion to dismiss the action on the ground that it was filed outside the AEDPA statute of limitations.

        Under Rule 7(a) of the Rules Governing ¶ 2254 Proceedings, a court may direct the parties to expand the record by submitting additional materials germane to the issues before the court. Accordingly, in order to resolve the motion to dismiss, the court directs petitioner's counsel to provide the following documents within thirty days of the date of this order: (1) a copy of the retainer agreement or other memorialization of the scope of Richard Dangler's

---

[1] The court grants respondent's motion, noted in his motion to dismiss, to substitute the name of James Tilton for Roderick Hickman as respondent.

1

representation in state habeas proceedings; and (2) a copy of the retainer agreement or other memorialization of the agreement between petitioner and Rector and Tosney, LLP, showing the date petitioner retained the firm to pursue his state collateral remedies.  Moreover, counsel should explain why petitioner's action in retaining Richard Dangler could not also be construed as retaining Roman Rector, a partner in Rector and Tosney, in light of the relationship between the two attorneys during the time petitioner's state collateral proceedings were pending and particularly in light of the fact that Frederick Charles Thomas, the attorney who filed the petition in the California Supreme Court and in this court, was employed by Dangler to write habeas petitions while he was a law student.  Counsel should also address the question whether Thomas drafted the Butte County petition filed on petitioner's behalf, even though it was signed by Dangler.  See In re White, 121 Cal.App.4th 1453, 1459, 1467 & n.13, 1468-69, 1470 & n.15, 1472 (3d Dist. 2004).  The documents submitted as ordered herein should be authenticated.  Any additional briefing counsel deems appropriate or necessary in light of these documents should accompany their filing.

Respondent's response to these documents and to the briefing, if any, is due within thirty days of the date the documents are filed.  Petitioner's reply, if any, is due within fifteen days of the date the response is filed.

IT IS SO ORDERED.

DATED: January 18, 2007.

_____
U.S. MAGISTRATE JUDGE

2
tayl2528.exp